This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Barbara Smith, appeals the decision of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellees, City of Akron Department of Public Health, City of Akron Law Department, Steven Nome, Bryan Jividen, and Robert Remmel, Jon Apati, and John and Jane Doe, dismissing appellant's petition against them. This Court affirms.
 I. {¶ 2} On February 24, 1997, the City of Akron Department of Public Health ("ADPH") issued an order to comply to appellant with regard to a property she owned at 540 Whitney Avenue in Akron ("Whitney property"). The order required appellant to complete necessary repairs by March 26, 1997. The ADPH returned on March 26 with a warrant to conduct an inspection of the Whitney property. A second order to comply was issued to appellant, listing 28 violations of the Akron Environmental Health and Housing Code ("Housing Code"). The order required appellant to complete the listed repairs by April 30, 1997.
 {¶ 3} Appellant never made the necessary repairs. On June 17, 1997, the City of Akron Housing Appeals Board ("HAB") conducted a hearing with regard to the demolition of the Whitney property. The HAB determined that due to the dilapidated condition of the property from the numerous housing code violations, the Whitney property should be demolished and ordered such. Appellant did not appeal the raze order on the property. Instead, on June 20, 1997, appellant filed a notice of abatement in the Summit County Court of Common Pleas, seeking an order to prohibit the ADPH from issuing orders on her properties. That court struck the action from the record.
 {¶ 4} On July 27, 1998, appellant filed a petition for grievance in Akron Municipal Court, again objecting to the ADPH's authority to issue orders to appellant, particularly on the Whitney property. On November 2, 1998, that court dismissed appellant's case for lack of jurisdiction to grant the relief sought and for failure to state a claim for which relief could be granted. In August 1998, the Whitney property was razed. Appellant responded by filing numerous police reports alleging the ADPH had no authority to order the Whitney property demolished.
 {¶ 5} In October 2000, the ADPH issued an order to comply to appellant with regard to three other properties in Akron: 544 Whitney Avenue, 883-8831/2 Work Drive, and 818-820 North Howard Street ("the properties"). On October 20, 2000, appellant filed a petition for redress of grievance in the Summit County Court of Common Pleas, naming the ADPH, the City of Akron Law Department, Steven Nome, Bryan Jividan, Robert Remmel, and John and Jane Doe as defendants. On March 1, 2000, appellant filed a notice to add Jon Apati as a defendant.
 {¶ 6} Appellees timely answered appellant's petition and on August 10, 2001, appellees filed a motion for summary judgment or alternatively, a motion to dismiss. The case was stayed several times as appellant filed additional appeals to other courts. On April 22, 2002, the common pleas court granted appellees' motion for summary judgment, dismissing appellant's petition against all named defendants.
 {¶ 7} Appellant timely appealed and sets forth seventeen assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR {¶ 8} "THE COMMON PLEAS COURT LACKED JURISDICTION TO DENY SMITH TEN DAYS TO FILE A RESPONSE TO THE FINAL JUDGMENT." [SIC.]
 SECOND ASSIGNMENT OF ERROR {¶ 9} "THE COURT ERRED NO CONSTITUTIONAL PROVISIONS WERE CITED AND UNDER THE 7TH AMENDMENT, ALL APPEALS MUST BE UNDER THE UNITED STATES CONSTITUTION." [SIC.]
 THIRD ASSIGNMENT OF ERROR {¶ 10} "SMITH WAS DENIED A FAIR TRIAL TO HER DETRIMENT THAT INVOLVED UNLAWFUL ACTIONS ON THE PART OF THE APPELLEES." [SIC.]
 FOURTH ASSIGNMENT OF ERROR {¶ 11} "JUDGE SCHNEIDERMAN ABUSED HIS DISSECTION [SIC.] BY HAVING A FINAL JUDGMENT THAT BROUGHT UP NEW ISSUES AND WAS VOID."
 FIFTH ASSIGNMENT OF ERROR {¶ 12} "THE COURT ERRED IN NOT ADDRESSING THE JURISDICTIONAL ISSUES PRESENTED."
 SIXTH ASSIGNMENT OF ERROR {¶ 13} "THE ORDER GIVEN TO SMITH BY THE HOUSING APPEALS WAS NOT A FINAL APPEALABLE ORDERUNDERR.C. 2506.03. UNDER R.C. 2506.04, IT WAS ILLEGAL."
 SEVENTH ASSIGNMENT OF ERROR {¶ 14} "THE COMMON PLEAS COURT ABUSED ITS DISCRETION BECAUSE CIVIL RULE 54(B) IS FOR NO JUST REASON FOR DELAY AND THE CLERK IS TO WRITE IT ON THE DOCKET FOR THE RULING TO BE VALID." [SIC.]
 EIGHTH ASSIGNMENT OF ERROR {¶ 15} "ANY AND ALL EVIDENCE OBTAINED OF ALLEGED HOUSING CODE VIOLATIONS WERE WRONGFULLY OBTAINED DURING THE COURSE OF AN ADMINISTRATIVE SEARCH CONDUCTED ON THE PROPERTY OF BARBARA SMITH WITHOUT A VALID WARRANT, WITHOUT CONSENT AND WITHOUT THE EXISTENCE OF AN EMERGENCY." [SIC.]
 NINTH ASSIGNMENT OF ERROR {¶ 16} "SMITH FILES. A NOTICE OF CHALLENGE TO CONSTITUTIONALITY OF STATUTES." [SIC.]
 TENTH ASSIGNMENT OF ERROR {¶ 17} "THE COURT BELOW WAS VOID OF JURISDICTION BECAUSE THE RULING FROM COMMON PLEAS COURT HAD NO FINDINGS OF FACT AND CONCLUSIONS OF LAW." [SIC.]
 ELEVENTH ASSIGNMENT OF ERROR {¶ 18} "THE COURT LACKED JURISDICTION TO STATE A NEED TO EXHAUST REMEDIES." [SIC.]
 TWELFTH ASSIGNMENT OF ERROR {¶ 19} "THE COURT LACKS JURISDICTION TO IGNORE CONSTITUTIONAL PROVISIONS AND CITE COLLATERAL ESTOPPEL AND RES JUDICATA." [SIC.]
 THIRTEENTH ASSIGNMENT OF ERROR {¶ 20} "THE COURT BELOW LOST JURISDICTION AND THE RULING IS VOID FOR THERE CAN BE NO ENCUMBRANCES ON REAL ESTATE." [SIC.]
 FOURTEENTH ASSIGNMENT OF ERROR {¶ 21} "THE COURT LACKS JURISDICTION TO STATE THE CITY CANNOT BE SUED." [SIC.]
 FIFTEENTH ASSIGNMENT OF ERROR {¶ 22} "THE CLERK OF COURTS ERRED WHEN SHE SENT A NOTICE WITH NO SIGNATURE."
 SIXTEENTH ASSIGNMENT OF ERROR {¶ 23} "THE COURT ERRED, THERE IS NO IMMUNITY FOR THE APPELLEES." [SIC.]
 SEVENTEENTH ASSIGNMENT OF ERROR {¶ 24} "JUDGE SCHNEIDERMAN'S ABUSE OF DISCRETION HAS THE APPEARANCE OF IMPROPRIETY."
 {¶ 25} Appellant has set forth seventeen assignments of error in an attempt to prove that the trial court erred in awarding summary judgment to appellees. Appellant's assignments of error will be combined for ease of discussion.
 {¶ 26} This Court notes the appellant has failed to make any reference whatsoever to the record of this case to support her assertion that the trial court erred in awarding summary judgment to appellees. It is well recognized that the appellant bears the burden of affirmatively demonstrating error on appeal. Ivery v. Ivery (Jan. 12, 2000), 9th Dist. No. 19410. To meet that burden, the brief of an appellant must contain argument and law, including citations to the relevant authorities, statutes, and parts of the record on which the appellant relies. App.R. 16(A). See also, Loc.R. 7(A)(6) and (7); Loc.R. 7(E).
 {¶ 27} For every assignment of error presented for review, the appellant must make "reference to the place in the record where each error is reflected." App.R. 16(A)(3). Furthermore, any argument presented for each assignment of error that appellant provides must include reasons supporting such argument, with specific references to the parts of the record on which the appellant relies to show error. App.R. 16(A)(7). In the present case, appellant did not refer to the record whatsoever when she presented her assignments of error for review. Moreover, she did not refer to the record when she made factual claims or legal contentions concerning her case. Appellant's brief listed pages of disjointed legal authorities, with little argument to connect them to her alleged issues and no reference to the record to connect them to the facts of her specific case. Because appellant failed to reference the record in her brief in compliance with App.R. 16(A)(3) and (7) and Loc.R.7(A)(6) and(E), she has not demonstrated any error by the trial court.
 {¶ 28} When an appeal comes before this Court for review, "[i]t is not the function of this court to construct a foundation for a party's claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremer v. Cox
(1996), 114 Ohio App.3d 41, 60. "If an argument exists that can support [appellant's] assignment[s] of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349, 18673. If the party presenting assignments of error for review fails to identify the relevant portions of the record from which the errors are based, this Court may disregard the assignments of error.
 {¶ 29} As appellant failed to provide any reference to the record to substantiate what little argument she presented in her brief, her assertions cannot be considered as sufficient to carry her burden of proving that the trial court erred in awarding summary judgment to appellees.
 III. {¶ 30} Accordingly, appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
SLABY, P.J. and BAIRD, J., CONCUR